UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN COIA and DEIRDRE COIA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| MCT TRANSPORTATION, LLC, | ) | |
| individually, and as employer and/or | ) | |
| principal of DANIEL BULTHUIS, | ) | |
| COMCAR INDUSTRIES, INC., | ) | |
| individually, and as employer and/or | ) | JURY TRIAL DEMANDED |
| principal of DANIEL BULTHUIS, | ) | |
| MIDWEST COAST TRANSPORT, | ) | |
| INC., individually, and as employer and/or | ) | |
| principal of DANIEL BULTHUIS, and | ) | |
| DANEIL BULTHUIS, individually, and | ) | |
| as employee and/or agent of MCT | ) | |
| TRANSPORTATION, LLC, COMCAR | ) | |
| INDUSTRIES, INC., and/or MIDWEST | ) | |
| TRANSPORT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

NOW COMES the Plaintiffs, JOHN COIA and DEIRDRE COIA, complaining of the

Defendants, MCT TRANSPORTATION, LLC, individually, and as employer and/or principal of

DANIEL BULTHUIS, COMCAR INDUSTRIES, INC., individually, and as employer and/or

principal of DANIEL BULTHUIS, MIDWEST COAST TRANSPORT, INC., individually, and

as employer and/or principal of DANIEL BULTHUIS, and DANIEL BULTHUIS, individually,

and as employee and/or agent of MCT TRANSPORTATION, LLC, COMCAR INDUSTRIES,

INC., and/or MIDWEST COAST TRANSPORT, INC., stating as follows:

### Introduction

1.      This complaint is brought to seek redress and damages under Illinois common law

for negligence and willful and wanton conduct, for the injuries and other damages sustained by the Plaintiffs, JOHN COIA and DEIRDRE COIA, directly and proximately resulting from the conduct of the Defendants identified herein.

<strong>Jurisdiction and Venue</strong>

2.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, based on diversity of citizenship and an amount in controversy in excess of $75,000.00.

3.     The Court has venue over the subject matter and parties hereto pursuant to 28 U.S.C. §1391(b)(1) and (2), as the events giving rise to the claims all occurred within this judicial district, and the parties are believed to reside in Illinois and within this judicial district.

<strong>The Parties</strong>

4.     The Plaintiff, JOHN COIA, at all times herein relevant, resided in Sugar Grove, Illinois.

5.     The Plaintiff, DEIRDRE COIA, at all times herein relevant, resided in Sugar Grove, Illinois.

6.     The Defendant, MCT TRANSPORTATION, LLC (hereinafter "MCT"), at all times herein relevant, was an interstate motor carrier operating within the State of Illinois, which was incorporated in Florida, with its principal place of business in Florida.

7.     The Defendant, COMCAR INDUSTRIES, INC. (hereinafter "COMCAR"), at all times herein relevant, was an interstate motor carrier operating within the State of Illinois, which was incorporated in Florida, with its principal place of business in Florida.

8.     The Defendant, MIDWEST COAST TRANSPORT, INC. (hereinafter "MIDWEST"), at all times herein relevant, was an interstate motor carrier operating within the

2

State of Illinois, which was incorporated in Delaware, with its principal place of business in South Dakota.

9.    The Defendant, DANIEL BULTHUIS, a citizen and domicile of Georgia, was at all times herein a professional motor carrier driver, acting within the scope of his employment and/or agency with MCT TRANSPORTATION, LLC, COMCAR INDUSTRIES, INC, and/or MIDWEST COAST TRANSPORT, INC., and operating a tractor trailer within the State of Illinois.

**Facts Common to All Counts**

10.    At all times relevant hereto, and on or about August 19, 2018, Plaintiff JOHN COIA, operated a 2015 Lexus ES350 traveling eastbound on Interstate 88, in Naperville Township, in the State of Illinois.

11.    At all times relevant hereto, and on or about August 19, 2018, Plaintiff DEIRDRE COIA was a passenger in JOHN COIA's vehicle.

12.    At all times relevant hereto, and on or about August 19, 2018, SANTIAGO MEZA operated a 2002 Chevrolet Trailblazer traveling eastbound on Interstate 88, directly in front of Plaintiff JOHN COIA's vehicle.

13.    At all times relevant hereto, and on or about August 19, 2018, JORGE MONTES operated a 2009 Nissan Altima traveling eastbound on Interstate 88, directly behind Plaintiff JOHN COIA's vehicle.

14.    At all times relevant hereto, and on or about August 19, 2018, HILDA MONTES and CLAUDIO MONTES, a minor, were passengers in JORGE MONTES' vehicle.

15.    At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS operated a 2013 International tractor-trailer traveling eastbound on

Interstate 88, directly behind JORGE MONTES' vehicle.

16.     At all times relevant hereto, and on or about August 19, 2018 Defendant DANIEL BULTHUIS was setting up a playlist of music on his cell phone while driving his tractor-trailer when he looked up and realized that JORGE MONTES' vehicle was stopped in front of him.

17.     At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was traveling sixty-three miles-per-hour in a fifty-five mile-per-hour speed limit zone prior to impact. Defendant DANIEL BULTHUIS did not stop the tractor-trailer before striking JORGE MONTES' vehicle.

18.     At all times relevant hereto, and on or about August 19, 2018, as a result of Defendant DANIEL BULTHUIS striking the rear of JORGE MONTES' vehicle, JORGE MONTES' vehicle was pushed into the rear of Plaintiff JOHN COIA's vehicle, causing JOHN COIA's vehicle to be pushed into the rear of SANTIAGO MEZA's vehicle.

<u>COUNT I - NEGLIGENCE</u>
JOHN COIA v. MCT TRANSPORTATION, LLC
*Individual Liability*

1-18.  Plaintiffs incorporate by reference paragraphs 1 through 18 above as if fully set forth herein.

19.     At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MCT's motor carrier operating authority and displaying its logo and U.S. DOT number 783.

20.     On and before August 19, 2018, MCT was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

21.     At all times relevant herein, there was in full force and effect in the State of Illinois, a statute incorporating by reference, *inter alia*, Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs. 625 ILCS 5/18b-105.

22.     Defendant MCT breached the aforesaid duties in one or more of the following ways, *inter alia*:

    a. Failed to require Defendant DANIEL BULTHUIS to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

    b. Failed to adequately train Defendant DANIEL BULTHUIS when reasonable training would have equipped him with the knowledge and skill to operate and maintain the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

    c. Failed to train Defendant DANIEL BULTHUIS on defensive driving techniques, including proper space management and lane usage;

    d. Operated without adequate safety management controls;

    e. Aided and abetted Defendant DANIEL BULTHUIS' violations of the FMCSRs;

    f. Failed to use the same care and caution that a reasonably prudent company would have exercised under the same or substantially similar circumstances all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

    g. Failed to train and/or require Defendant DANIEL BULTHUIS to keep a proper lookout for other vehicles upon the roadway;

    h. Failed to train and/or require Defendant DANIEL BULTHUIS not to operate the tractor-trailer while using a cell phone;

    i. Failed to train and/or require Defendant DANIEL BULTHUIS not to exceed the posted speed limit while operating the tractor-trailer;

    j. Failed to train and/or require Defendant DANIEL BULTHUIS not to operate the tractor-trailer at a speed greater than was reasonable and proper with regard to traffic conditions, in violation of the provisions of 625 ILCS 5/11-601(a);

5

k. Failed to train and/or require Defendant DANIEL BULTHUIS to apply his brakes when danger to Plaintiffs was imminent;

l. Failed to equip the tractor-trailer with adequate brakes, in violation of the provisions of 625 ILCS 5/12-301;

m. Failed to train and/or require Defendant DANIEL BULTHUIS to decrease speed so as to avoid hitting another vehicle, in violation of the provisions of 625 ILCS 5/11-601;

n. Failed to train and/or require Defendant DANIEL BULTHUIS to give an audible warning with his vehicle horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601;

o. Failed to train and/or require Defendant DANIEL BULTHUIS to follow at a distance that was reasonable and proper, in violation of the provisions of 625 ILCS 5/11-710(a);

p. Failed to train and/or require Defendant DANIEL BULTHUIS not operate a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

q. Failed to train Defendant DANEIL BULTHUIS on the prohibition of the aggravated use of an electronic communication device while operating a motor vehicle on a roadway, in violation of 625 ILCS 5/12-610.2;

r. Failed to adopt, develop, and enforce safe driving policies prohibiting the use of wireless communication devices by its drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392; and/or

s. Failed to train its drivers in the prohibition of the use of wireless communication devices in violation of 49 CFR Parts 383, 384, 390, 391, and 392.

23. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of MCT, the MCT tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

24. As a direct and proximate result of the foregoing collision, Plaintiff JOHN COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past,

6

present, and future.

WHEREFORE, the Plaintiff, JOHN COIA, demands judgment in his favor and against the Defendant, MCT TRANSPORTATION, LLC, for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

COUNT II - NEGLIGENCE
DEIRDRE COIA v. MCT TRANSPORTATION, LLC
*Individual Liability*

1-24. Plaintiffs incorporate by reference paragraphs 1 through 24 above as if fully set forth herein.

25.    At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MCT's motor carrier operating authority and displaying its logo and U.S. DOT number 783.

26.    On and before August 19, 2018, MCT was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

27.    At all times relevant herein, there was in full force and effect in the State of Illinois, a statute incorporating by reference, *inter alia*, Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs. 625 ILCS 5/18b-105.

28.    Defendant MCT breached the aforesaid duties in one or more of the following ways, *inter alia*:

    a.  Failed to require Defendant DANIEL BULTHUIS to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

    b.  Failed to adequately train Defendant DANIEL BULTHUIS when reasonable training would have equipped him with the knowledge and

7

skill to operate and maintain the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

c. Failed to train Defendant DANIEL BULTHUIS  on defensive driving techniques, including proper space management and lane usage;

d. Operated without adequate safety management controls;

e. Aided and abetted Defendant DANIEL BULTHUIS' violations of the FMCSRs;

f. Failed to use the same care and caution that a reasonably prudent company would have exercised under the same or substantially similar circumstances all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

g. Failed to train and/or require Defendant DANIEL BULTHUIS to keep a proper lookout for other vehicles upon the roadway;

h. Failed to train and/or require Defendant DANIEL BULTHUIS not to operate the tractor-trailer while using a cell phone;

i. Failed to train and/or require Defendant DANIEL BULTHUIS not to exceed the posted speed limit while operating the tractor-trailer;

j. Failed to train and/or require Defendant DANIEL BULTHUIS not to operate the tractor-trailer at a speed greater than was reasonable and proper with regard to traffic conditions, in violation of the provisions of 625 ILCS 5/11-601(a);

k. Failed to train and/or require Defendant DANIEL BULTHUIS to apply his brakes when danger to Plaintiffs was imminent;

l. Failed to equip the tractor-trailer with adequate brakes, in violation of the provisions of 625 ILCS 5/12-301;

m. Failed to train and/or require Defendant DANIEL BULTHUIS to decrease speed so as to avoid hitting another vehicle, in violation of the provisions of 625 ILCS 5/11-601;

n. Failed to train and/or require Defendant DANIEL BULTHUIS to give an audible warning with his vehicle horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601;

o. Failed to train and/or require Defendant DANIEL BULTHUIS to follow at

8

a distance that was reasonable and proper, in violation of the provisions of 625 ILCS 5/11-710(a);

p. Failed to train and/or require Defendant DANIEL BULTHUIS not operate a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

q. Failed to train Defendant DANEIL BULTHUIS on the prohibition of the aggravated use of an electronic communication device while operating a motor vehicle on a roadway, in violation of 625 ILCS 5/12-610.2;

r. Failed to adopt, develop, and enforce safe driving policies prohibiting the use of wireless communication devices by its drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392; and/or

s. Failed to train its drivers in the prohibition of the use of wireless communication devices in violation of 49 CFR Parts 383, 384, 390, 391, and 392.

29.     As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of MCT, the MCT tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

30.     As a direct and proximate result of the foregoing collision, Plaintiff DEIRDRE COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, DEIRDRE COIA, demands judgment in her favor and against the Defendant, MCT TRANSPORTATION, LLC, for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

<u>COUNT III - NEGLIGENCE</u>
JOHN COIA v. MCT TRANSPORTATION, LLC
*Respondeat Superior*

1-30.  Plaintiffs incorporate by reference paragraphs 1 through 30 above as if fully set

9

forth herein.

31.     At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MCT's motor carrier operating authority and displaying its logo and U.S. DOT number 783.

32.     At all times herein relevant, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was a duly authorized employee and/or agent of MCT and was acting within the scope of his duly authorized employment and/or agency.

33.     Upon information and belief, Defendant DANIEL BULTHUIS was subject to MCT's control, acting pursuant to its directions and commands, and utilizing MCT's authority and equipment, including the tractor-trailer displaying MCT's logos, for MCT's pecuniary benefit.

34.     On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

35.     At all times relevant herein, there was in full force and effect in the State of Illinois, a statute incorporating by reference, *inter alia*, Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs. 625 ILCS 5/18b-105.

36.     Defendant MCT, by and through its duly authorized employee and/or agent, Defendant DANIEL BULTHUIS, breached the aforesaid duties in one or more of the following ways, *inter alia*:

> a.  Drove the tractor-trailer at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;
>
> b.  Failed to keep a proper lookout for other vehicles upon the roadway;

10

c.  Failed to see and observe the vehicles to his front, when they could and should have been seen and observed;

d.  Failed to maintain control over his tractor-trailer so as to avoid colliding with other vehicles;

e.  Followed vehicles in front of him more closely than was reasonable and proper, lacking due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

f.  Failed to timely apply his brakes when danger to plaintiff was imminent;

g.  Failed to take evasive maneuvers to avoid a collision;

h.  Failed to use defensive driving techniques, including proper space management and lane usage;

i.  Failed to adhere to the policies prohibiting the use of wireless communication devices by drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

j.  Operated the tractor-trailer without adequate safety controls;

k.  Failed to decrease the speed of his tractor-trailer so as to avoid colliding with vehicles in front of him, in violation of the provisions of 625 ILCS 5/11-601;

l.  Failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or similar circumstances, all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

m. Failed to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

n.  Failed to operate the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

o.  Operated the tractor-trailer while using a cell phone;

p.  Operated a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

q. Committed the aggravated use of an electronic communication device while operating a motor vehicle on a roadway, in violation of 625 ILCS 5/12-610.2;

r. Exceeded the posted speed limit while operating the tractor-trailer; and/or

s. Failed to give an audible warning with his horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601.

37. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of MCT by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the MCT tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

38. As a direct and proximate result of the foregoing collision, Plaintiff JOHN COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, JOHN COIA, demands judgment in his favor and against the Defendant, MCT TRANSPORTATION, LLC, for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

<u>COUNT IV - NEGLIGENCE</u>
DEIRDRE COIA v. MCT TRANSPORTATION, LLC
*Respondeat Superior*

1-38. Plaintiffs incorporate by reference paragraphs 1 through 38 above as if fully set forth herein.

39. At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MCT's motor carrier operating authority and displaying its logo and U.S. DOT number 783.

40. At all times herein relevant, and on or about August 19, 2018, Defendant

DANIEL BULTHUIS was a duly authorized employee and/or agent of MCT and was acting within the scope of his duly authorized employment and/or agency.

41.     Upon information and belief, Defendant DANIEL BULTHUIS was subject to MCT's control, acting pursuant to its directions and commands, and utilizing MCT's authority and equipment, including the tractor-trailer displaying MCT's logos, for MCT's pecuniary benefit.

42.     On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

43.     At all times relevant herein, there was in full force and effect in the State of Illinois, a statute incorporating by reference, *inter alia*, Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs. 625 ILCS 5/18b-105.

44.     Defendant MCT, by and through its duly authorized employee and/or agent, Defendant DANIEL BULTHUIS, breached the aforesaid duties in one or more of the following ways, *inter alia*:

> a. Drove the tractor-trailer at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;
>
> b. Failed to keep a proper lookout for other vehicles upon the roadway;
>
> c. Failed to see and observe the vehicles to his front, when they could and should have been seen and observed;
>
> d. Failed to maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
>
> e. Followed vehicles in front of him more closely than was reasonable and proper, lacking due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

13

f.   Failed to timely apply his brakes when danger to plaintiff was imminent;

g.   Failed to take evasive maneuvers to avoid a collision;

h.   Failed to use defensive driving techniques, including proper space management and lane usage;

i.   Failed to adhere to the policies prohibiting the use of wireless communication devices by drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

j.   Operated the tractor-trailer without adequate safety controls;

k.   Failed to decrease the speed of his tractor-trailer so as to avoid colliding with vehicles in front of him, in violation of the provisions of 625 ILCS 5/11-601;

l.   Failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or similar circumstances, all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

m.   Failed to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

n.   Failed to operate the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

o.   Operated the tractor-trailer while using a cell phone;

p.   Operated a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

q.   Committed the aggravated use of an electronic communication device while operating a motor vehicle on a roadway, in violation of 625 ILCS 5/12-610.2;

r.   Exceeded the posted speed limit while operating the tractor-trailer; and/or

s.   Failed to give an audible warning with his horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601.

45.   As a direct and proximate result of one or more of the aforementioned negligent

acts or omissions of MCT by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the MCT tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

46.     As a direct and proximate result of the foregoing collision, Plaintiff DEIRDRE COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, DEIRDRE COIA, demands judgment in her favor and against the Defendant, MCT TRANSPORTATION, LLC, for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

## COUNT V – NEGLIGENT HIRING AND RETENTION
### JOHN COIA v. MCT TRANSPORTATION, LLC

1-46.  Plaintiffs incorporate by reference paragraphs 1 through 46 above as if fully set forth herein.

47.     At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MCT's motor carrier operating authority and displaying its logo and U.S. DOT number 783.

48.     At all times herein relevant, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was a duly authorized employee and/or agent of MCT and was acting within the scope of his duly authorized employment and/or agency.

49.     Upon information and belief, Defendant DANIEL BULTHUIS was subject to MCT's control, acting pursuant to its directions and commands, and utilizing MCT's authority and equipment, including the tractor-trailer displaying MCT's logos, for MCT's pecuniary

benefit.

50.     On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

51.     On and prior to August 19, 2018,  MCT had a duty to only hire and retain drivers who were knowledgeable of all applicable FMCSR regulations, and who were fit, qualified, and responsible to drive a semi tractor-trailer.

52.     At all times material, Defendant MCT, as employer of Defendant DANIEL BULTHUIS, knew or should have known that DANIEL BULTHUIS had a particular unfitness as a tractor-trailer driver, or that he was not properly or sufficiently trained in, or aware of, the applicable FMCSR regulations required of all tractor-trailer operators, such that his operation of a tractor-trailer created a danger or harm to third persons, including the Plaintiffs.

53.     Notwithstanding this duty, Defendant MCT, by and through its duly authorized agents, employees, and/or representatives, was guilty of one or more of the following negligent acts or omissions in hiring and/or retaining Defendant DANIEL BULTHUIS:

   a.  Failed to properly determine the qualifications of DANIEL BULTHUIS, before hiring him;

   b.  Failed to make any appropriate background checks or contact previous employers to determine appropriate skills or fitness of DANIEL BULTHUIS prior to hiring;

   c.  Failed to require DANIEL BULTHUIS to provide a proper and complete application for employment so that a proper background check and evaluation of his knowledge and skills could be done on him; and/or

   d.  Failed to conduct investigation and inquiries into DANIEL BULTHUIS' experience, knowledge, and driving record prior to hiring him and at the beginning of his employment.

16

54.     The unfitness of Defendant DANIEL BULTHUIS was known or should have been known to Defendant MCT prior to and at the time of hiring DANIEL BULTHUIS, and, but for the above negligent acts and/or omissions, would have led to his not being employed or retained prior to the occurrence in this complaint, and would have prohibited him from driving.

55.     As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of MCT by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the MCT tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

56.     As a direct and proximate result of the foregoing collision, Plaintiff JOHN COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHEREFORE, the Plaintiff, JOHN COIA, demands judgment in his favor and against the Defendant, MCT TRANSPORTATION, LLC, for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

### COUNT VI – NEGLIGENT HIRING AND RETENTION
### DEIRDRE COIA v. MCT TRANSPORTATION, LLC

1-56.   Plaintiffs incorporate by reference paragraphs 1 through 56 above as if fully set forth herein.

57.     At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MCT's motor carrier operating authority and displaying its logo and U.S. DOT number 783.

58.     At all times herein relevant, and on or about August 19, 2018, Defendant

17

DANIEL BULTHUIS was a duly authorized employee and/or agent of MCT and was acting within the scope of his duly authorized employment and/or agency.

59.     Upon information and belief, Defendant DANIEL BULTHUIS was subject to MCT's control, acting pursuant to its directions and commands, and utilizing MCT's authority and equipment, including the tractor-trailer displaying MCT's logos, for MCT's pecuniary benefit.

60.     On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

61.     On and prior to August 19, 2018,  MCT had a duty to only hire and retain drivers who were knowledgeable of all applicable FMCSR regulations, and who were fit, qualified, and responsible to drive a semi tractor-trailer.

62.     At all times material, Defendant MCT, as employer of Defendant DANIEL BULTHUIS, knew or should have known that DANIEL BULTHUIS had a particular unfitness as a tractor-trailer driver, or that he was not properly or sufficiently trained in, or aware of, the applicable FMCSR regulations required of all tractor-trailer operators, such that his operation of a tractor-trailer created a danger or harm to third persons, including the Plaintiffs.

63.     Notwithstanding this duty, Defendant MCT, by and through its duly authorized agents, employees, and/or representatives, was guilty of one or more of the following negligent acts or omissions in hiring and/or retaining Defendant DANIEL BULTHUIS:

     a.   Failed to properly determine the qualifications of DANIEL BULTHUIS, before hiring him;

     b.  Failed to make any appropriate background checks or contact previous

18

employers to determine appropriate skills or fitness of DANIEL BULTHUIS prior to hiring;

c. Failed to require DANIEL BULTHUIS to provide a proper and complete application for employment so that a proper background check and evaluation of his knowledge and skills could be done on him; and/or

d. Failed to conduct investigation and inquiries into DANIEL BULTHUIS' experience, knowledge, and driving record prior to hiring him and at the beginning of his employment.

64. The unfitness of Defendant DANIEL BULTHUIS was known or should have been known to Defendant MCT prior to and at the time of hiring DANIEL BULTHUIS, and, but for the above negligent acts and/or omissions, would have led to his not being employed or retained prior to the occurrence in this complaint, and would have prohibited him from driving.

65. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of MCT by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the MCT tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

66. As a direct and proximate result of the foregoing collision, Plaintiff DEIRDRE COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, DEIRDRE COIA, demands judgment in her favor and against the Defendant, MCT TRANSPORTATION, LLC, for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

## COUNT VII – WILLFUL AND WANTON
### JOHN COIA v. MCT TRANSPORTATION, LLC

1-66.   Plaintiffs incorporate by reference paragraphs 1 through 66 above as if fully set forth herein.

67.    At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MCT's motor carrier operating authority and displaying its logo and U.S. DOT number 783.

68.    On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the operation of the tractor-trailer.

69.    Defendant MCT, by and through its duly authorized employee and/or agent, Defendant DANIEL BULTHUIS, breached the aforesaid duties in one or more of the following ways, *inter alia*:

> a.  Recklessly and with an utter indifference for the safety of the Plaintiffs used his cellular device while operating a tractor-trailer; and
>
> b.  Recklessly and with an utter indifference for the safety of the Plaintiffs used an electronic communication device in violation of 625 ILCS 5/12-610.2.

70.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of MCT, by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

71.    As a direct and proximate result of the foregoing collision, Plaintiff JOHN COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past,

present, and future.

WHERFORE, the Plaintiff, JOHN COIA, demands judgment in his favor and against the Defendant, MCT TRANSPORTATION, LLC, for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

<u>COUNT VIII – WILLFUL AND WANTON</u>
DEIRDRE COIA v. MCT TRANSPORTATION, LLC

1-71.   Plaintiffs incorporate by reference paragraphs 1 through 71 above as if fully set forth herein.

72.    At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MCT's motor carrier operating authority and displaying its logo and U.S. DOT number 783.

73.    On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the operation of the tractor-trailer.

74.    Defendant MCT, by and through its duly authorized employee and/or agent, Defendant DANIEL BULTHUIS, breached the aforesaid duties in one or more of the following ways, *inter alia*:

a.  Recklessly and with an utter indifference for the safety of the Plaintiffs used his cellular device while operating a tractor-trailer; and

b.  Recklessly and with an utter indifference for the safety of the Plaintiffs used an electronic communication device in violation of 625 ILCS 5/12-610.2.

75.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of MCT, by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the

vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

76. As a direct and proximate result of the foregoing collision, Plaintiff DEIRDRE COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, DEIRDRE COIA, demands judgment in her favor and against the Defendant, MCT TRANSPORTATION, LLC, for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

COUNT IX - NEGLIGENCE
JOHN COIA v. COMCAR INDUSTRIES, INC.
*Individual Liability*

1-76. Plaintiffs incorporate by reference paragraphs 1 through 76 above as if fully set forth herein.

77. At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under COMCAR's motor carrier operating authority and displaying its logo and U.S. DOT number 844513.

78. On and before August 19, 2018, COMCAR was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

79. At all times relevant herein, there was in full force and effect in the State of Illinois, a statute incorporating by reference, *inter alia*, Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs. 625 ILCS 5/18b-105.

80.     Defendant COMCAR breached the aforesaid duties in one or more of the following ways, *inter alia*:

    a.  Failed to require Defendant DANIEL BULTHUIS to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

    b.  Failed to adequately train Defendant DANIEL BULTHUIS when reasonable training would have equipped him with the knowledge and skill to operate and maintain the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

    c.  Failed to train Defendant DANIEL BULTHUIS on defensive driving techniques, including proper space management and lane usage;

    d.  Operated without adequate safety management controls;

    e.  Aided and abetted Defendant DANIEL BULTHUIS' violations of the FMCSRs;

    f.  Failed to use the same care and caution that a reasonably prudent company would have exercised under the same or substantially similar circumstances all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

    g.  Failed to train and/or require Defendant DANIEL BULTHUIS to keep a proper lookout for other vehicles upon the roadway;

    h.  Failed to train and/or require Defendant DANIEL BULTHUIS not to operate the tractor-trailer while using a cell phone;

    i.  Failed to train and/or require Defendant DANIEL BULTHUIS not to exceed the posted speed limit while operating the tractor-trailer;

    j.  Failed to train and/or require Defendant DANIEL BULTHUIS not to operate the tractor-trailer at a speed greater than was reasonable and proper with regard to traffic conditions, in violation of the provisions of 625 ILCS 5/11-601(a);

    k.  Failed to train and/or require Defendant DANIEL BULTHUIS to apply his brakes when danger to Plaintiffs was imminent;

    l.  Failed to equip the tractor-trailer with adequate brakes, in violation of the provisions of 625 ILCS 5/12-301;

m. Failed to train and/or require Defendant DANIEL BULTHUIS to decrease speed so as to avoid hitting another vehicle, in violation of the provisions of 625 ILCS 5/11-601;

n. Failed to train and/or require Defendant DANIEL BULTHUIS to give an audible warning with his vehicle horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601;

o. Failed to train and/or require Defendant DANIEL BULTHUIS to follow at a distance that was reasonable and proper, in violation of the provisions of 625 ILCS 5/11-710(a);

p. Failed to train and/or require Defendant DANIEL BULTHUIS not operate a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

q. Failed to train Defendant DANEIL BULTHUIS on the prohibition of the aggravated use of an electronic communication device while operating a motor vehicle on a roadway, in violation of 625 ILCS 5/12-610.2;

r. Failed to adopt, develop, and enforce safe driving policies prohibiting the use of wireless communication devices by its drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392; and/or

s. Failed to train its drivers in the prohibition of the use of wireless communication devices in violation of 49 CFR Parts 383, 384, 390, 391, and 392.

81.     As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of COMCAR, the COMCAR tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

82.     As a direct and proximate result of the foregoing collision, Plaintiff JOHN COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, JOHN COIA, demands judgment in his favor and against the Defendant, COMCAR INDUSTRIES, INC., for all of the above injuries and damages,

including the costs of this action, and for any additional relief that this court deems just.

COUNT X- NEGLIGENCE
DEIRDRE COIA v. COMCAR INDUSTRIES, INC.
*Individual Liability*

1-82. Plaintiffs incorporate by reference paragraphs 1 through 82 above as if fully set forth herein.

83. At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under COMCAR's motor carrier operating authority and displaying its logo and U.S. DOT number 844513.

84. On and before August 19, 2018, COMCAR was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

85. At all times relevant herein, there was in full force and effect in the State of Illinois, a statute incorporating by reference, *inter alia*, Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs. 625 ILCS 5/18b-105.

86. Defendant COMCAR breached the aforesaid duties in one or more of the following ways, *inter alia*:

a. Failed to require Defendant DANIEL BULTHUIS to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

b. Failed to adequately train Defendant DANIEL BULTHUIS when reasonable training would have equipped him with the knowledge and skill to operate and maintain the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

c. Failed to train Defendant DANIEL BULTHUIS on defensive driving techniques, including proper space management and lane usage;

25

d. Operated without adequate safety management controls;

e. Aided and abetted Defendant DANIEL BULTHUIS' violations of the FMCSRs;

f. Failed to use the same care and caution that a reasonably prudent company would have exercised under the same or substantially similar circumstances all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

g. Failed to train and/or require Defendant DANIEL BULTHUIS to keep a proper lookout for other vehicles upon the roadway;

h. Failed to train and/or require Defendant DANIEL BULTHUIS not to operate the tractor-trailer while using a cell phone;

i. Failed to train and/or require Defendant DANIEL BULTHUIS not to exceed the posted speed limit while operating the tractor-trailer;

j. Failed to train and/or require Defendant DANIEL BULTHUIS not to operate the tractor-trailer at a speed greater than was reasonable and proper with regard to traffic conditions, in violation of the provisions of 625 ILCS 5/11-601(a);

k. Failed to train and/or require Defendant DANIEL BULTHUIS to apply his brakes when danger to Plaintiffs was imminent;

l. Failed to equip the tractor-trailer with adequate brakes, in violation of the provisions of 625 ILCS 5/12-301;

m. Failed to train and/or require Defendant DANIEL BULTHUIS to decrease speed so as to avoid hitting another vehicle, in violation of the provisions of 625 ILCS 5/11-601;

n. Failed to train and/or require Defendant DANIEL BULTHUIS to give an audible warning with his vehicle horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601;

o. Failed to train and/or require Defendant DANIEL BULTHUIS to follow at a distance that was reasonable and proper, in violation of the provisions of 625 ILCS 5/11-710(a);

p. Failed to train and/or require Defendant DANIEL BULTHUIS not operate a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

q. Failed to train Defendant DANEIL BULTHUIS on the prohibition of the aggravated use of an electronic communication device while operating a motor vehicle on a roadway, in violation of 625 ILCS 5/12-610.2;

r. Failed to adopt, develop, and enforce safe driving policies prohibiting the use of wireless communication devices by its drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392; and/or

s. Failed to train its drivers in the prohibition of the use of wireless communication devices in violation of 49 CFR Parts 383, 384, 390, 391, and 392.

87. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of COMCAR, the COMCAR tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

88. As a direct and proximate result of the foregoing collision, Plaintiff DEIRDRE COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, DEIRDRE COIA, demands judgment in her favor and against the Defendant, COMCAR INDUSTRIES, INC., for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

COUNT XI - NEGLIGENCE
JOHN COIA v. COMCAR INDUSTRIES, INC.
*Respondeat Superior*

1-88. Plaintiffs incorporate by reference paragraphs 1 through 88 above as if fully set forth herein.

89. At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under COMCAR's motor carrier operating authority and

displaying its logo and U.S. DOT number 844513.

90.     At all times herein relevant, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was a duly authorized employee and/or agent of COMCAR and was acting within the scope of his duly authorized employment and/or agency.

91.     Upon information and belief, Defendant DANIEL BULTHUIS was subject to COMCAR's control, acting pursuant to its directions and commands, and utilizing COMCAR's authority and equipment, including the tractor-trailer displaying COMCAR's logos, for COMCAR's pecuniary benefit.

92.     On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

93.     At all times relevant herein, there was in full force and effect in the State of Illinois, a statute incorporating by reference, *inter alia*, Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs. 625 ILCS 5/18b-105.

94.     Defendant COMCAR, by and through its duly authorized employee and/or agent, Defendant DANIEL BULTHUIS, breached the aforesaid duties in one or more of the following ways, *inter alia*:

  a. Drove the tractor-trailer at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

  b. Failed to keep a proper lookout for other vehicles upon the roadway;

  c. Failed to see and observe the vehicles to his front, when they could and should have been seen and observed;

  d. Failed to maintain control over his tractor-trailer so as to avoid colliding with other vehicles;

28

e.  Followed vehicles in front of him more closely than was reasonable and proper, lacking due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

f.  Failed to timely apply his brakes when danger to plaintiff was imminent;

g.  Failed to take evasive maneuvers to avoid a collision;

h.  Failed to use defensive driving techniques, including proper space management and lane usage;

i.  Failed to adhere to the policies prohibiting the use of wireless communication devices by drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

j.  Operated the tractor-trailer without adequate safety controls;

k.  Failed to decrease the speed of his tractor-trailer so as to avoid colliding with vehicles in front of him, in violation of the provisions of 625 ILCS 5/11-601;

l.  Failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or similar circumstances, all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

m.  Failed to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

n.  Failed to operate the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

o.  Operated the tractor-trailer while using a cell phone;

p.  Operated a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

q.  Committed the aggravated use of an electronic communication device while operating a motor vehicle on a roadway, in violation of 625 ILCS 5/12-610.2;

29

r. Exceeded the posted speed limit while operating the tractor-trailer; and/or

s. Failed to give an audible warning with his horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601.

95. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of COMCAR by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the COMCAR tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

96. As a direct and proximate result of the foregoing collision, Plaintiff JOHN COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, JOHN COIA, demands judgment in his favor and against the Defendant, COMCAR INDUSTRIES, INC., for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

<u>COUNT XII - NEGLIGENCE</u>
DEIRDRE COIA v. COMCAR INDUSTRIES, INC.
*Respondeat Superior*

1-96. Plaintiffs incorporate by reference paragraphs 1 through 96 above as if fully set forth herein.

97. At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under COMCAR's motor carrier operating authority and displaying its logo and U.S. DOT number 844513.

98. At all times herein relevant, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was a duly authorized employee and/or agent of COMCAR and was

acting within the scope of his duly authorized employment and/or agency.

99.     Upon information and belief, Defendant DANIEL BULTHUIS was subject to COMCAR's control, acting pursuant to its directions and commands, and utilizing COMCAR's authority and equipment, including the tractor-trailer displaying COMCAR's logos, for COMCAR's pecuniary benefit.

100.    On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

101.    At all times relevant herein, there was in full force and effect in the State of Illinois, a statute incorporating by reference, *inter alia*, Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs. 625 ILCS 5/18b-105.

102.    Defendant COMCAR, by and through its duly authorized employee and/or agent, Defendant DANIEL BULTHUIS, breached the aforesaid duties in one or more of the following ways, *inter alia*:

        a.   Drove the tractor-trailer at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

        b.   Failed to keep a proper lookout for other vehicles upon the roadway;

        c.   Failed to see and observe the vehicles to his front, when they could and should have been seen and observed;

        d.   Failed to maintain control over his tractor-trailer so as to avoid colliding with other vehicles;

        e.   Followed vehicles in front of him more closely than was reasonable and proper, lacking due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

        f.   Failed to timely apply his brakes when danger to plaintiff was imminent;

g. Failed to take evasive maneuvers to avoid a collision;

h. Failed to use defensive driving techniques, including proper space management and lane usage;

i. Failed to adhere to the policies prohibiting the use of wireless communication devices by drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

j. Operated the tractor-trailer without adequate safety controls;

k. Failed to decrease the speed of his tractor-trailer so as to avoid colliding with vehicles in front of him, in violation of the provisions of 625 ILCS 5/11-601;

l. Failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or similar circumstances, all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

m. Failed to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

n. Failed to operate the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

o. Operated the tractor-trailer while using a cell phone;

p. Operated a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

q. Committed the aggravated use of an electronic communication device while operating a motor vehicle on a roadway, in violation of 625 ILCS 5/12-610.2;

r. Exceeded the posted speed limit while operating the tractor-trailer; and/or

s. Failed to give an audible warning with his horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601.

103.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of COMCAR by and through its duly authorized employee and/or agent,

DANIEL BULTHUIS, the COMCAR tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

104.    As a direct and proximate result of the foregoing collision, Plaintiff DEIRDRE COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHEREFORE, the Plaintiff, DEIRDRE COIA, demands judgment in her favor and against the Defendant, COMCAR INDUSTRIES, INC., for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

## COUNT XIII – NEGLIGENT HIRING AND RETENTION
### JOHN COIA v. COMCAR INDUSTRIES, INC.

1-104.Plaintiffs incorporate by reference paragraphs 1 through 104 above as if fully set forth herein.

105.    At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under COMCAR's motor carrier operating authority and displaying its logo and U.S. DOT number 844513.

106.    At all times herein relevant, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was a duly authorized employee and/or agent of COMCAR and was acting within the scope of his duly authorized employment and/or agency.

107.    Upon information and belief, Defendant DANIEL BULTHUIS was subject to COMCAR's control, acting pursuant to its directions and commands, and utilizing COMCAR's authority and equipment, including the tractor-trailer displaying COMCAR's logos, for COMCAR's pecuniary benefit.

33

108.     On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

109.     On and prior to August 19, 2018, COMCAR had a duty to only hire and retain drivers who were knowledgeable of all applicable FMCSR regulations, and who were fit, qualified, and responsible to drive a semi tractor-trailer.

110.     At all times material, Defendant COMCAR, as employer of Defendant DANIEL BULTHUIS, knew or should have known that DANIEL BULTHUIS had a particular unfitness as a tractor-trailer driver, or that he was not properly or sufficiently trained in, or aware of, the applicable FMCSR regulations required of all tractor-trailer operators, such that his operation of a tractor-trailer created a danger or harm to third persons, including the Plaintiffs.

111.     Notwithstanding this duty, Defendant COMCAR, by and through its duly authorized agents, employees, and/or representatives, was guilty of one or more of the following negligent acts or omissions in hiring and/or retaining Defendant DANIEL BULTHUIS:

   a. Failed to properly determine the qualifications of DANIEL BULTHUIS, before hiring him;

   b. Failed to make any appropriate background checks or contact previous employers to determine appropriate skills or fitness of DANIEL BULTHUIS prior to hiring;

   c. Failed to require DANIEL BULTHUIS to provide a proper and complete application for employment so that a proper background check and evaluation of his knowledge and skills could be done on him; and/or

   d. Failed to conduct investigation and inquiries into DANIEL BULTHUIS' experience, knowledge, and driving record prior to hiring him and at the beginning of his employment.

112.     The unfitness of Defendant DANIEL BULTHUIS was known or should have

been known to Defendant COMCAR prior to and at the time of hiring DANIEL BULTHUIS, and, but for the above negligent acts and/or omissions, would have led to his not being employed or retained prior to the occurrence in this complaint, and would have prohibited him from driving.

113.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of COMCAR by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the COMCAR tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

114.    As a direct and proximate result of the foregoing collision, Plaintiff JOHN COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, JOHN COIA, demands judgment in his favor and against the Defendant, COMCAR INDUSTRIES, INC., for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

<u>COUNT XIV – NEGLIGENT HIRING AND RETENTION</u>
DEIRDRE COIA v. COMCAR INDUSTRIES, INC.

1-114. Plaintiffs incorporate by reference paragraphs 1 through 114 above as if fully set forth herein.

115.    At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under COMCAR's motor carrier operating authority and displaying its logo and U.S. DOT number 844513.

116.    At all times herein relevant, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was a duly authorized employee and/or agent of COMCAR and was

35

acting within the scope of his duly authorized employment and/or agency.

117.    Upon information and belief, Defendant DANIEL BULTHUIS was subject to COMCAR's control, acting pursuant to its directions and commands, and utilizing COMCAR's authority and equipment, including the tractor-trailer displaying COMCAR's logos, for COMCAR's pecuniary benefit.

118.    On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

119.    On and prior to August 19, 2018, COMCAR had a duty to only hire and retain drivers who were knowledgeable of all applicable FMCSR regulations, and who were fit, qualified, and responsible to drive a semi tractor-trailer.

120.    At all times material, Defendant COMCAR, as employer of Defendant DANIEL BULTHUIS, knew or should have known that DANIEL BULTHUIS had a particular unfitness as a tractor-trailer driver, or that he was not properly or sufficiently trained in, or aware of, the applicable FMCSR regulations required of all tractor-trailer operators, such that his operation of a tractor-trailer created a danger or harm to third persons, including the Plaintiffs.

121.    Notwithstanding this duty, Defendant COMCAR, by and through its duly authorized agents, employees, and/or representatives, was guilty of one or more of the following negligent acts or omissions in hiring and/or retaining Defendant DANIEL BULTHUIS:

      a.    Failed to properly determine the qualifications of DANIEL BULTHUIS, before hiring him;

      b.    Failed to make any appropriate background checks or contact previous employers to determine appropriate skills or fitness of DANIEL BULTHUIS prior to hiring;

     c. Failed to require DANIEL BULTHUIS to provide a proper and complete application for employment so that a proper background check and evaluation of his knowledge and skills could be done on him; and/or

     d. Failed to conduct investigation and inquiries into DANIEL BULTHUIS' experience, knowledge, and driving record prior to hiring him and at the beginning of his employment.

122.    The unfitness of Defendant DANIEL BULTHUIS was known or should have been known to Defendant COMCAR prior to and at the time of hiring DANIEL BULTHUIS, and, but for the above negligent acts and/or omissions, would have led to his not being employed or retained prior to the occurrence in this complaint, and would have prohibited him from driving.

123.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of COMCAR by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the COMCAR tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

124.    As a direct and proximate result of the foregoing collision, Plaintiff DEIRDRE COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, DEIRDRE COIA, demands judgment in her favor and against the Defendant, COMCAR INDUSTRIES, INC., for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

COUNT XV – WILLFUL AND WANTON
JOHN COIA v. COMCAR INDUSTRIES, INC.

1-124. Plaintiffs incorporate by reference paragraphs 1 through 124 above as if fully set forth herein.

125.    At all times herein relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under COMCAR's motor carrier operating authority and displaying its logo and U.S. DOT number 844513.

126.    On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the operation of the tractor-trailer.

127.    Defendant COMCAR, by and through its duly authorized employee and/or agent, Defendant DANIEL BULTHUIS, breached the aforesaid duties in one or more of the following ways, *inter alia*:

> a.  Recklessly and with an utter indifference for the safety of the Plaintiffs used his cellular device while operating a tractor-trailer; and
>
> b.  Recklessly and with an utter indifference for the safety of the Plaintiffs used an electronic communication device in violation of 625 ILCS 5/12-610.2.

128.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of COMCAR, by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

129.    As a direct and proximate result of the foregoing collision, Plaintiff JOHN COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past,

present, and future.

WHERFORE, the Plaintiff, JOHN COIA, demands judgment in his favor and against the Defendant, COMCAR INDUSTRIES, INC., for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

<u>COUNT XVI – WILLFUL AND WANTON</u>
DEIRDRE COIA v. COMCAR INDUSTRIES, INC.

1-129. Plaintiffs incorporate by reference paragraphs 1 through 129 above as if fully set forth herein.

130. At all times herein relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under COMCAR's motor carrier operating authority and displaying its logo and U.S. DOT number 844513.

131. On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the operation of the tractor-trailer.

132. Defendant COMCAR, by and through its duly authorized employee and/or agent, Defendant DANIEL BULTHUIS, breached the aforesaid duties in one or more of the following ways, *inter alia*:

      a. Recklessly and with an utter indifference for the safety of the Plaintiffs used his cellular device while operating a tractor-trailer; and

      b. Recklessly and with an utter indifference for the safety of the Plaintiffs used an electronic communication device in violation of 625 ILCS 5/12-610.2.

133. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of COMCAR, by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the tractor-trailer driven by Defendant DANIEL BULTHUIS struck the

rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

134.     As a direct and proximate result of the foregoing collision, Plaintiff DEIRDRE COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, DEIRDRE COIA, demands judgment in her favor and against the Defendant, COMCAR INDUSTRIES, INC., for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

COUNT XVII - NEGLIGENCE
JOHN COIA v. MIDWEST COAST TRANSPORT, INC.
*Individual Liability*

1-134. Plaintiffs incorporate by reference paragraphs 1 through 134 above as if fully set forth herein.

135.     At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MIDWEST's motor carrier operating authority and, upon information and belief, displaying its logo and U.S. DOT number.

136.     On and before August 19, 2018, MCT was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

137.     At all times relevant herein, there was in full force and effect in the State of Illinois, a statute incorporating by reference, *inter alia*, Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs. 625 ILCS 5/18b-105.

138. Defendant MIDWEST breached the aforesaid duties in one or more of the following ways, *inter alia*:

a. Failed to require Defendant DANIEL BULTHUIS to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

b. Failed to adequately train Defendant DANIEL BULTHUIS when reasonable training would have equipped him with the knowledge and skill to operate and maintain the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

c. Failed to train Defendant DANIEL BULTHUIS on defensive driving techniques, including proper space management and lane usage;

d. Operated without adequate safety management controls;

e. Aided and abetted Defendant DANIEL BULTHUIS' violations of the FMCSRs;

f. Failed to use the same care and caution that a reasonably prudent company would have exercised under the same or substantially similar circumstances all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

g. Failed to train and/or require Defendant DANIEL BULTHUIS to keep a proper lookout for other vehicles upon the roadway;

h. Failed to train and/or require Defendant DANIEL BULTHUIS not to operate the tractor-trailer while using a cell phone;

i. Failed to train and/or require Defendant DANIEL BULTHUIS not to exceed the posted speed limit while operating the tractor-trailer;

j. Failed to train and/or require Defendant DANIEL BULTHUIS not to operate the tractor-trailer at a speed greater than was reasonable and proper with regard to traffic conditions, in violation of the provisions of 625 ILCS 5/11-601(a);

k. Failed to train and/or require Defendant DANIEL BULTHUIS to apply his brakes when danger to Plaintiffs was imminent;

l. Failed to equip the tractor-trailer with adequate brakes, in violation of the provisions of 625 ILCS 5/12-301;

41

m.  Failed to train and/or require Defendant DANIEL BULTHUIS to decrease speed so as to avoid hitting another vehicle, in violation of the provisions of 625 ILCS 5/11-601;

n.  Failed to train and/or require Defendant DANIEL BULTHUIS to give an audible warning with his vehicle horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601;

o.  Failed to train and/or require Defendant DANIEL BULTHUIS to follow at a distance that was reasonable and proper, in violation of the provisions of 625 ILCS 5/11-710(a);

p.  Failed to train and/or require Defendant DANIEL BULTHUIS not operate a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

q.  Failed to train Defendant DANEIL BULTHUIS on the prohibition of the aggravated use of an electronic communication device while operating a motor vehicle on a roadway, in violation of 625 ILCS 5/12-610.2;

r.  Failed to adopt, develop, and enforce safe driving policies prohibiting the use of wireless communication devices by its drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392; and/or

s.  Failed to train its drivers in the prohibition of the use of wireless communication devices in violation of 49 CFR Parts 383, 384, 390, 391, and 392.

139.  As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of MIDWEST, the MIDWEST tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

140.  As a direct and proximate result of the foregoing collision, Plaintiff JOHN COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHEREFOR, the Plaintiff, JOHN COIA, demands judgment in his favor and against the Defendant, MIDWEST COAST TRANSPORT, INC., for all of the above injuries and

42

damages, including the costs of this action, and for any additional relief that this court deems just.

COUNT XVIII - NEGLIGENCE
DEIRDRE COIA v. MIDWEST COAST TRANSPORT, INC.
*Individual Liability*

1-140. Plaintiffs incorporate by reference paragraphs 1 through 140 above as if fully set forth herein.

141. At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MIDWEST's motor carrier operating authority and, upon information and belief, displaying its logo and U.S. DOT number.

142. On and before August 19, 2018, Midwest was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

143. At all times relevant herein, there was in full force and effect in the State of Illinois, a statute incorporating by reference, *inter alia*, Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs. 625 ILCS 5/18b-105.

144. Defendant MIDWEST breached the aforesaid duties in one or more of the following ways, *inter alia*:

    a. Failed to require Defendant DANIEL BULTHUIS to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

    b. Failed to adequately train Defendant DANIEL BULTHUIS when reasonable training would have equipped him with the knowledge and skill to operate and maintain the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

43

c.  Failed to train Defendant DANIEL BULTHUIS on defensive driving techniques, including proper space management and lane usage;

d.  Operated without adequate safety management controls;

e.  Aided and abetted Defendant DANIEL BULTHUIS' violations of the FMCSRs;

f.  Failed to use the same care and caution that a reasonably prudent company would have exercised under the same or substantially similar circumstances all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

g.  Failed to train and/or require Defendant DANIEL BULTHUIS to keep a proper lookout for other vehicles upon the roadway;

h.  Failed to train and/or require Defendant DANIEL BULTHUIS not to operate the tractor-trailer while using a cell phone;

i.  Failed to train and/or require Defendant DANIEL BULTHUIS not to exceed the posted speed limit while operating the tractor-trailer;

j.  Failed to train and/or require Defendant DANIEL BULTHUIS not to operate the tractor-trailer at a speed greater than was reasonable and proper with regard to traffic conditions, in violation of the provisions of 625 ILCS 5/11-601(a);

k.  Failed to train and/or require Defendant DANIEL BULTHUIS to apply his brakes when danger to Plaintiffs was imminent;

l.  Failed to equip the tractor-trailer with adequate brakes, in violation of the provisions of 625 ILCS 5/12-301;

m.  Failed to train and/or require Defendant DANIEL BULTHUIS to decrease speed so as to avoid hitting another vehicle, in violation of the provisions of 625 ILCS 5/11-601;

n.  Failed to train and/or require Defendant DANIEL BULTHUIS to give an audible warning with his vehicle horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601;

o.  Failed to train and/or require Defendant DANIEL BULTHUIS to follow at a distance that was reasonable and proper, in violation of the provisions of 625 ILCS 5/11-710(a);

p.  Failed to train and/or require Defendant DANIEL BULTHUIS not operate

a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

q. Failed to train Defendant DANEIL BULTHUIS on the prohibition of the aggravated use of an electronic communication device while operating a motor vehicle on a roadway, in violation of 625 ILCS 5/12-610.2;

r. Failed to adopt, develop, and enforce safe driving policies prohibiting the use of wireless communication devices by its drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392; and/or

s. Failed to train its drivers in the prohibition of the use of wireless communication devices in violation of 49 CFR Parts 383, 384, 390, 391, and 392.

145. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of MIDWEST, the MIDWEST tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

146. As a direct and proximate result of the foregoing collision, Plaintiff DEIRDRE COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, DEIRDRE COIA, demands judgment in her favor and against the Defendant, MIDWEST COAST TRANSPORT, INC., for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

<u>COUNT XIX- NEGLIGENCE</u>
JOHN COIA v. MIDWEST COAST TRANSPORT, INC.
*Respondeat Superior*

1-146. Plaintiffs incorporate by reference paragraphs 1 through 146 above as if fully set forth herein.

147. At all times relevant hereto, and on or about August 19, 2018, Defendant

45

DANIEL BULTHUIS was operating under MIDWEST's motor carrier operating authority and, upon information and belief, displaying its logo and U.S. DOT number.

148.    At all times herein relevant, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was a duly authorized employee and/or agent of MIDWEST and was acting within the scope of his duly authorized employment and/or agency.

149.    Upon information and belief, Defendant DANIEL BULTHUIS was subject to MIDWEST's control, acting pursuant to its directions and commands, and utilizing MIDWEST's authority and equipment, including the tractor-trailer displaying MIDWEST's logos, for MIDWEST's pecuniary benefit.

150.    On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

151.    At all times relevant herein, there was in full force and effect in the State of Illinois, a statute incorporating by reference, *inter alia*, Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs. 625 ILCS 5/18b-105.

152.    Defendant MIDWEST, by and through its duly authorized employee and/or agent, Defendant DANIEL BULTHUIS, breached the aforesaid duties in one or more of the following ways, *inter alia*:

        a.  Drove the tractor-trailer at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

        b.  Failed to keep a proper lookout for other vehicles upon the roadway;

        c.  Failed to see and observe the vehicles to his front, when they could and should have been seen and observed;

d.  Failed to maintain control over his tractor-trailer so as to avoid colliding with other vehicles;

e.  Followed vehicles in front of him more closely than was reasonable and proper, lacking due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

f.  Failed to timely apply his brakes when danger to plaintiff was imminent;

g.  Failed to take evasive maneuvers to avoid a collision;

h.  Failed to use defensive driving techniques, including proper space management and lane usage;

i.  Failed to adhere to the policies prohibiting the use of wireless communication devices by drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

j.  Operated the tractor-trailer without adequate safety controls;

k.  Failed to decrease the speed of his tractor-trailer so as to avoid colliding with vehicles in front of him, in violation of the provisions of 625 ILCS 5/11-601;

l.  Failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or similar circumstances, all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

m. Failed to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

n.  Failed to operate the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

o.  Operated the tractor-trailer while using a cell phone;

p.  Operated a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

q.  Committed the aggravated use of an electronic communication

47

device while operating a motor vehicle on a roadway, in violation of 625 ILCS 5/12-610.2;

r. Exceeded the posted speed limit while operating the tractor-trailer; and/or

s. Failed to give an audible warning with his horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601.

153. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of MIDWEST by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the MIDWEST tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

154. As a direct and proximate result of the foregoing collision, Plaintiff JOHN COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, JOHN COIA, demands judgment in his favor and against the Defendant, MIDWEST COAST TRANSPORT, INC., for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

COUNT XX - NEGLIGENCE
DEIRDRE COIA v. MIDWEST COAST TRANSPORT, INC.
*Respondeat Superior*

1-154. Plaintiffs incorporate by reference paragraphs 1 through 154 above as if fully set forth herein.

155. At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MIDWEST's motor carrier operating authority and,

48

upon information and belief, displaying its logo and U.S. DOT number.

156.    At all times herein relevant, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was a duly authorized employee and/or agent of MIDWEST and was acting within the scope of his duly authorized employment and/or agency.

157.    Upon information and belief, Defendant DANIEL BULTHUIS was subject to MCT's control, acting pursuant to its directions and commands, and utilizing MIDWEST's authority and equipment, including the tractor-trailer displaying MIDWEST's logos, for MIDWEST's pecuniary benefit.

158.    On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

159.    At all times relevant herein, there was in full force and effect in the State of Illinois, a statute incorporating by reference, *inter alia*, Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs. 625 ILCS 5/18b-105.

160.    Defendant MIDWEST, by and through its duly authorized employee and/or agent, Defendant DANIEL BULTHUIS, breached the aforesaid duties in one or more of the following ways, *inter alia*:

>    a.    Drove the tractor-trailer at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;
>
>    b.    Failed to keep a proper lookout for other vehicles upon the roadway;
>
>    c.    Failed to see and observe the vehicles to his front, when they could and should have been seen and observed;
>
>    d.    Failed to maintain control over his tractor-trailer so as to avoid colliding with other vehicles;

e.   Followed vehicles in front of him more closely than was reasonable and proper, lacking due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

f.   Failed to timely apply his brakes when danger to plaintiff was imminent;

g.   Failed to take evasive maneuvers to avoid a collision;

h.   Failed to use defensive driving techniques, including proper space management and lane usage;

i.   Failed to adhere to the policies prohibiting the use of wireless communication devices by drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

j.   Operated the tractor-trailer without adequate safety controls;

k.   Failed to decrease the speed of his tractor-trailer so as to avoid colliding with vehicles in front of him, in violation of the provisions of 625 ILCS 5/11-601;

l.   Failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or similar circumstances, all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

m.   Failed to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

n.   Failed to operate the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

o.   Operated the tractor-trailer while using a cell phone;

p.   Operated a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

q.   Committed the aggravated use of an electronic communication device while operating a motor vehicle on a roadway, in violation of 625 ILCS 5/12-610.2;

r.   Exceeded the posted speed limit while operating the tractor-trailer; and/or

s. Failed to give an audible warning with his horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601.

161. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of MIDWEST by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the MIDWEST tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

162. As a direct and proximate result of the foregoing collision, Plaintiff DEIRDRE COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, DEIRDRE COIA, demands judgment in her favor and against the Defendant, MIDWEST COAST TRANSPORT, INC., for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

COUNT XXI – NEGLIGENT HIRING AND RETENTION
JOHN COIA v. MIDWEST COAST TRANSPORT, INC.

1-162. Plaintiffs incorporate by reference paragraphs 1 through 162 above as if fully set forth herein.

163. At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MIDWEST's motor carrier operating authority and, upon information and belief, displaying its logo and U.S. DOT number.

164. At all times herein relevant, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was a duly authorized employee and/or agent of MIDWEST and was acting within the scope of his duly authorized employment and/or agency.

165.    Upon information and belief, Defendant DANIEL BULTHUIS was subject to MIDWEST's control, acting pursuant to its directions and commands, and utilizing MIDWEST's authority and equipment, including the tractor-trailer displaying MIDWEST's logos, for MIDWEST's pecuniary benefit.

166.    On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

167.    On and prior to August 19, 2018,  MCT had a duty to only hire and retain drivers who were knowledgeable of all applicable FMCSR regulations, and who were fit, qualified, and responsible to drive a semi tractor-trailer.

168.    At all times material, Defendant MIDWEST, as employer of Defendant DANIEL BULTHUIS, knew or should have known that DANIEL BULTHUIS had a particular unfitness as a tractor-trailer driver, or that he was not properly or sufficiently trained in, or aware of, the applicable FMCSR regulations required of all tractor-trailer operators, such that his operation of a tractor-trailer created a danger or harm to third persons, including the Plaintiffs.

169.    Notwithstanding this duty, Defendant MIDWEST, by and through its duly authorized agents, employees, and/or representatives, was guilty of one or more of the following negligent acts or omissions in hiring and/or retaining Defendant DANIEL BULTHUIS:

    a.    Failed to properly determine the qualifications of DANIEL BULTHUIS, before hiring him;

    b.    Failed to make any appropriate background checks or contact previous employers to determine appropriate skills or fitness of DANIEL BULTHUIS prior to hiring;

    c.    Failed to require DANIEL BULTHUIS to provide a proper and complete

application for employment so that a proper background check and evaluation of his knowledge and skills could be done on him; and/or

d. Failed to conduct investigation and inquiries into DANIEL BULTHUIS' experience, knowledge, and driving record prior to hiring him and at the beginning of his employment.

170. The unfitness of Defendant DANIEL BULTHUIS was known or should have been known to Defendant MIDWEST prior to and at the time of hiring DANIEL BULTHUIS, and, but for the above negligent acts and/or omissions, would have led to his not being employed or retained prior to the occurrence in this complaint, and would have prohibited him from driving.

171. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of MIDWEST by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the MIDWEST tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

172. As a direct and proximate result of the foregoing collision, Plaintiff JOHN COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, JOHN COIA, demands judgment in his favor and against the Defendant, MIDWEST COAST TRANSPORT, INC., for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

<u>COUNT XXII – NEGLIGENT HIRING AND RETENTION</u>
DEIRDRE COIA v. MIDWEST COAST TRANSPORT, INC.

1-172. Plaintiffs incorporate by reference paragraphs 1 through 172 above as if fully set

53

forth herein.

173. At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MIDWEST's motor carrier operating authority and, upon information and belief, displaying its logo and U.S. DOT number.

174. At all times herein relevant, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was a duly authorized employee and/or agent of MIDWEST and was acting within the scope of his duly authorized employment and/or agency.

175. Upon information and belief, Defendant DANIEL BULTHUIS was subject to MIDWEST's control, acting pursuant to its directions and commands, and utilizing MIDWEST's authority and equipment, including the tractor-trailer displaying MIDWEST's logos, for MIDWEST's pecuniary benefit.

176. On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

177. On and prior to August 19, 2018,  MIDWEST had a duty to only hire and retain drivers who were knowledgeable of all applicable FMCSR regulations, and who were fit, qualified, and responsible to drive a semi tractor-trailer.

178. At all times material, Defendant MIDWEST, as employer of Defendant DANIEL BULTHUIS, knew or should have known that DANIEL BULTHUIS had a particular unfitness as a tractor-trailer driver, or that he was not properly or sufficiently trained in, or aware of, the applicable FMCSR regulations required of all tractor-trailer operators, such that his operation of a tractor-trailer created a danger or harm to third persons, including the Plaintiffs.

179.     Notwithstanding this duty, Defendant MIDWEST, by and through its duly authorized agents, employees, and/or representatives, was guilty of one or more of the following negligent acts or omissions in hiring and/or retaining Defendant DANIEL BULTHUIS:

    a.  Failed to properly determine the qualifications of DANIEL BULTHUIS, before hiring him;

    b.  Failed to make any appropriate background checks or contact previous employers to determine appropriate skills or fitness of DANIEL BULTHUIS prior to hiring;

    c.  Failed to require DANIEL BULTHUIS to provide a proper and complete application for employment so that a proper background check and evaluation of his knowledge and skills could be done on him; and/or

    d.  Failed to conduct investigation and inquiries into DANIEL BULTHUIS' experience, knowledge, and driving record prior to hiring him and at the beginning of his employment.

180.     The unfitness of Defendant DANIEL BULTHUIS was known or should have been known to Defendant MIDWEST prior to and at the time of hiring DANIEL BULTHUIS, and, but for the above negligent acts and/or omissions, would have led to his not being employed or retained prior to the occurrence in this complaint, and would have prohibited him from driving.

181.     As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of MIDWEST by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the MIDWEST tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

182.     As a direct and proximate result of the foregoing collision, Plaintiff DEIRDRE COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, DEIRDRE COIA, demands judgment in her favor and against the Defendant, MIDWEST COAST TRANSPORT, INC., for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

COUNT XXIII – WILLFUL AND WANTON
JOHN COIA v. MIDWEST TRANSPORT, INC.

1-182. Plaintiffs incorporate by reference paragraphs 1 through 182 above as if fully set forth herein.

183.    At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MIDWEST's motor carrier operating authority and, upon information and belief, displaying its logo and U.S. DOT number.

184.    On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the operation of the tractor-trailer.

185.    Defendant MIDWEST, by and through its duly authorized employee and/or agent, Defendant DANIEL BULTHUIS, breached the aforesaid duties in one or more of the following ways, *inter alia*:

a.    Recklessly and with an utter indifference for the safety of the Plaintiffs used his cellular device while operating a tractor-trailer; and

b.    Recklessly and with an utter indifference for the safety of the Plaintiffs used an electronic communication device in violation of 625 ILCS 5/12-610.2.

186.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of MIDWEST, by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the tractor-trailer driven by Defendant DANIEL BULTHUIS struck the

56

rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

187.    As a direct and proximate result of the foregoing collision, Plaintiff JOHN COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, JOHN COIA, demands judgment in his favor and against the Defendant, MIDWEST TRANSPORT, INC., for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

<u>COUNT XXIV – WILLFUL AND WANTON</u>
DEIRDRE COIA v. MIDWEST TRANSPORT, INC.

1-187. Plaintiffs incorporate by reference paragraphs 1 through 187 above as if fully set forth herein.

188.    At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MIDWEST's motor carrier operating authority and, upon information and belief, displaying its logo and U.S. DOT number.

189.    On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the operation of the tractor-trailer.

190.    Defendant MIDWEST, by and through its duly authorized employee and/or agent, Defendant DANIEL BULTHUIS, breached the aforesaid duties in one or more of the following ways, *inter alia*:

a.  Recklessly and with an utter indifference for the safety of the Plaintiffs used his cellular device while operating a tractor-trailer; and

b.  Recklessly and with an utter indifference for the safety of the Plaintiffs used an electronic communication device in violation of 625 ILCS

57

5/12-610.2.

191.     As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of MIDWEST, by and through its duly authorized employee and/or agent, DANIEL BULTHUIS, the tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

192.     As a direct and proximate result of the foregoing collision, Plaintiff DEIRDRE COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, DEIRDRE COIA, demands judgment in her favor and against the Defendant, MIDWEST TRANSPORT, INC., for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

<u>COUNT XXV - NEGLIGENCE</u>
JOHN COIA v. DANIEL BULTHUIS

 1-192. Plaintiffs incorporate by reference paragraphs 1 through 192 above as if fully set forth herein.

193.     At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MCT's motor carrier operating authority and displaying its logo and U.S. DOT number 783.

194.     At all times herein relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under COMCAR's motor carrier operating authority and displaying its logo and U.S. DOT number 844513.

195.     At all times relevant hereto, and on or about August 19, 2018, Defendant

DANIEL BULTHUIS was operating under MIDWEST's motor carrier operating authority and, upon information and belief, displaying its logo and U.S. DOT number.

196. On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the operation of the tractor-trailer.

197. Defendant DANIEL BULTHUIS, breached the aforesaid duties in one or more of the following ways, *inter alia*:

   a. Drove the tractor-trailer at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

   b. Failed to keep a proper lookout for other vehicles upon the roadway;

   c. Failed to see and observe the vehicles to his front, when they could and should have been seen and observed;

   d. Failed to maintain control over his tractor-trailer so as to avoid colliding with other vehicles;

   e. Followed vehicles in front of him more closely than was reasonable and proper, lacking due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

   f. Failed to timely apply his brakes when danger to plaintiff was imminent;

   g. Failed to take evasive maneuvers to avoid a collision;

   h. Failed to use defensive driving techniques, including proper space management and lane usage;

   i. Failed to adhere to the policies prohibiting the use of wireless communication devices by drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

   j. Operated the tractor-trailer without adequate safety controls;

   k. Failed to decrease the speed of his tractor-trailer so as to avoid colliding with vehicles in front of him, in violation of the provisions of

625 ILCS 5/11-601;

l. Failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or similar circumstances, all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

m. Failed to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

n. Failed to operate the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

o. Operated the tractor-trailer while using a cell phone;

p. Operated a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

q. Committed the aggravated use of an electronic communication device while operating a motor vehicle on a roadway, in violation of 625 ILCS 5/12-610.2;

r. Exceeded the posted speed limit while operating the tractor-trailer; and/or

s. Failed to give an audible warning with his horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601.

198. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of DANIEL BULTHUIS, the tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

199. As a direct and proximate result of the foregoing collision, Plaintiff JOHN COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, JOHN COIA, demands judgment in his favor and against

the Defendant, DANIEL BULTHUIS, for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

COUNT XXVI- NEGLIGENCE<br>DEIRDRE COIA v. DANIEL BULTHUIS

1-199. Plaintiffs incorporate by reference paragraphs 1 through 199 above as if fully set forth herein.

200.    At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MCT's motor carrier operating authority and displaying its logo and U.S. DOT number 783.

201.    At all times herein relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under COMCAR's motor carrier operating authority and displaying its logo and U.S. DOT number 844513.

202.    At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MIDWEST's motor carrier operating authority and, upon information and belief, displaying its logo and U.S. DOT number.

203.    On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in operation of the tractor-trailer.

204.    Defendant DANIEL BULTHUIS, breached the aforesaid duties in one or more of the following ways, *inter alia*:

> a.  Drove the tractor-trailer at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;
>
> b.  Failed to keep a proper lookout for other vehicles upon the roadway;
>
> c.  Failed to see and observe the vehicles to his front, when they could and should have been seen and observed;

d.  Failed to maintain control over his tractor-trailer so as to avoid colliding with other vehicles;

e.  Followed vehicles in front of him more closely than was reasonable and proper, lacking due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

f.  Failed to timely apply his brakes when danger to plaintiff was imminent;

g.  Failed to take evasive maneuvers to avoid a collision;

h.  Failed to use defensive driving techniques, including proper space management and lane usage;

i.  Failed to adhere to the policies prohibiting the use of wireless communication devices by drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

j.  Operated the tractor-trailer without adequate safety controls;

k.  Failed to decrease the speed of his tractor-trailer so as to avoid colliding with vehicles in front of him, in violation of the provisions of 625 ILCS 5/11-601;

l.  Failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or similar circumstances, all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

m.  Failed to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

n.  Failed to operate the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

o.  Operated the tractor-trailer while using a cell phone;

p.  Operated a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

q.  Committed the aggravated use of an electronic communication device

while operating a motor vehicle on a roadway, in violation of 625 ILCS 5/12-610.2;

r.  Exceeded the posted speed limit while operating the tractor-trailer; and/or

s.  Failed to give an audible warning with his horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601.

205.  As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of DANIEL BULTHUIS, the tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

206.  As a direct and proximate result of the foregoing collision, Plaintiff DEIRDRE COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHEREFORE, the Plaintiff, DEIRDRE COIA, demands judgment in her favor and against the Defendant, DANIEL BULTHUIS, for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

COUNT XXVII – WILLFUL AND WANTON
JOHN COIA v. DANIEL BULTHUIS

1-206.  Plaintiffs incorporate by reference paragraphs 1 through 206 above as if fully set forth herein.

207.  At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MCT's motor carrier operating authority and displaying its logo and U.S. DOT number 783.

208.  At all times herein relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under COMCAR's motor carrier operating authority and

displaying its logo and U.S. DOT number 844513.

209.    At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MIDWEST's motor carrier operating authority and, upon information and belief, displaying its logo and U.S. DOT number.

210.    On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the operation of the tractor-trailer.

211.    Defendant DANIEL BULTHUIS, breached the aforesaid duties in one or more of the following ways, *inter alia*:

> a.    Recklessly and with an utter indifference for the safety of the Plaintiffs used his cellular device while operating a tractor-trailer; and
>
> b.    Recklessly and with an utter indifference for the safety of the Plaintiffs used an electronic communication device in violation of 625 ILCS 5/12-610.2.

212.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of DANIEL BULTHUIS, the tractor-trailer driven by Defendant DANIEL BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES' vehicle to strike the rear of Plaintiffs' vehicle.

213.    As a direct and proximate result of the foregoing collision, Plaintiff JOHN COIA sustained permanent and severe personal injuries and other pecuniary damages, all being past, present, and future.

WHERFORE, the Plaintiff, JOHN COIA, demands judgment in his favor and against the Defendant, DANIEL BULTHUIS, for all of the above injuries and damages, including the costs of this action, and for any additional relief that this court deems just.

64

<u>COUNT XXVIII – WILLFUL AND WANTON</u>
DEIRDRE COIA v. DANIEL BULTHUIS

1-213. Plaintiffs incorporate by reference paragraphs 1 through 213 above as if fully set forth herein.

214.    At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MCT's motor carrier operating authority and displaying its logo and U.S. DOT number 783.

215.    At all times herein relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under COMCAR's motor carrier operating authority and displaying its logo and U.S. DOT number 844513.

216.    At all times relevant hereto, and on or about August 19, 2018, Defendant DANIEL BULTHUIS was operating under MIDWEST's motor carrier operating authority and, upon information and belief, displaying its logo and U.S. DOT number.

217.    On and before August 19, 2018, Defendant DANIEL BULTHUIS was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Plaintiffs and all others on the roadway a duty to use reasonable care in the operation of the tractor-trailer.

218.    Defendant DANIEL BULTHUIS, breached the aforesaid duties in one or more of the following ways, *inter alia*:

a.  Recklessly and with an utter indifference for the safety of the Plaintiffs used his cellular device while operating a tractor-trailer; and

b.  Recklessly and with an utter indifference for the safety of the Plaintiffs used an electronic communication device in violation of 625 ILCS 5/12-610.2.

219.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of DANIEL BULTHUIS, the tractor-trailer driven by Defendant DANIEL

BULTHUIS struck the rear of the vehicle of JORGE MONTES, causing JORGE MONTES'
vehicle to strike the rear of Plaintiffs' vehicle.

220.    As a direct and proximate result of the foregoing collision, Plaintiff DEIRDRE
COIA sustained permanent and severe personal injuries and other pecuniary damages, all being
past, present, and future.

WHERFORE, the Plaintiff, DEIRDRE COIA, demands judgment in her favor and
against the Defendant, DANIEL BULTHUIS, for all of the above injuries and damages,
including the costs of this action, and for any additional relief that this court deems just.

Plaintiffs demand trial by jury.

Respectfully submitted by:

JOHN J. MALM & ASSOCIATES, P.C.


By:   /s/ John J. Malm
      One of Plaintiffs' Attorneys


John J. Malm  [ #6216482 ]
Jason P. Schneider  [ #6306938 ]
JOHN J. MALM & ASSOCIATES, P.C.
1730 Park Street, Suite 201
Naperville, IL  60563
630-527-4177 Telephone
630-527-4178 Facsimile
john@malmlegal.com
jason@malmlegal.com

Attorneys for JOHN COIA and DEIRDRE COIA